## SUPREME COURT — NEW YORK COUNTY.

### May, 1923.

### THE PEOPLE v. MIKE RYBAK.

(120 Misc. 814.)

CRIMES—EVIDENCE—ROBBERY—IDENTIFICATION.

Upon a trial for robbery in the first degree the complainant positively identified defendant as one of three men who had robbed him late at night. *Held*, that it appearing that the complainant had never seen defendant before the alleged robbery, such evidence of his identification was error.

(2) SAME—PREJUDICIAL ERROR.

The testimony of the police officer as to what complainant told him in the presence of defendant, though received without objection, was also prejudicial error, it not sufficiently appearing that defendant understood the conversation or that he participated therein or replied to the statements of the complainant.

(3) SAME—CERTIFICATE OF REASONABLE DOUBT GRANTED.

    A motion for a certificate of reasonable doubt granted notwithstanding that the conviction of the defendant for the crime charged was justified by the evidence.

MOTION for certificate of reasonable doubt.

*Howard Hilton Spellman, Deputy Assistant District Attorney,* for plaintiff.

*Caesar B. F. Barra,* for defendant.

O'MALLEY, JAMES, J.:

This is a motion for a certificate of reasonable doubt. The defendant was convicted of robbery in the first degree. The complainant was assaulted late at night by three men, two of whom escaped entirely, and one of whom disappeared in a tenement house in the immediate neighborhood. The only witnesses to the assault, beside the complainant, were two small boys of the age of ten and thirteen years. The defendant was not immediately apprehended. After the police officer came on the scene he was accompanied by the two boys into the building where one of the men was seen to disappear, and in one of the rooms on the top floor of the building the defendant was found in bed. He denied guilt and claimed to have retired early in the evening. He was arrested, taken to the hospital and brought before the complaining witness.

Upon the trial one of the boys was permitted to testify, without objection, that he identified the defendant in the room where he was arrested, and the officer was permitted to testify fully as to the story of the robbery as told to him by the complainant in the presence of the defendant when the latter was confronted by the complainant in the hospital.

The question of the defendant's identification was the all-important issue. None of the witnesses had seen him before. On the trial the complainant positively identified him as one of

the men who had robbed him and the other two witnesses identified him as the man they had seen run away.

I am of opinion that it was error to receive the testimony of the witness Stackman and to the subsequent identification of the defendant (People v. Jung Hing, 212 N. Y. 393; People v. Seppi, 221 id. 62; People v. Marendi, 213 id. 600, 614, 615; People v. Di Martini, 213 id. 203, 216, 217), and likewise error to permit the police officer to testify to what the complainant had told him, even though the defendant was present. It does not sufficiently appear that the defendant understood the conversation, nor does it appear that the defendant participated therein, or made any reply to the statements of the complainant. He was under arrest and was entitled to remain mute. (People v. Marendi, *supra*.) While the evidence received was not objected to, nevertheless, it was of a nature calculated to prejudice the defendant, and perhaps of such a character as to require a reversal even though admitted without objection. (People v. Jung Hing, *supra*.) While the case cited was one of murder in the first degree, the charge here is robbery in the first degree, and a severe sentence has been imposed. While the evidence was sufficient to justify a conviction, I am of opinion that the alleged errors specified are of such a nature as to require the granting of this application. Motion granted. Settle order. Bail to be fixed on settlement.

Ordered accordingly.